(No. 2614—■■■■)

Guy L. Cobb, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 14, 1940.*

Barber & Barber, for claimant.

John E. Cassidy, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The petition for an award in this case alleges that on or about the 7th day of September, 1934, at about 7:40 o'clock A. M., the State Highway Department was possessed of a certain motor truck, and by its duly authorized agent and servant was operating said motor truck along and upon a certain public street in the City of Springfield, Illinois, to-wit: North Second Street, at or near the intersection of said street with North Grand Avenue, and was proceeding in a northerly direction on the East side of said Second Street; that at said time and place, the claimant was driving and operating his motor vehicle upon said North Grand Avenue, proceeding in

a westerly direction and approaching the intersection of North Second Street and North Grand Avenue from the East; that the claimant was driving his said motor vehicle and approaching said intersection with due care and caution for his own safety and that of his motor vehicle; that the driver of the State-owned motor vehicle was traveling at a high and unlawful rate of speed, to-wit: forty miles per hour, and entered upon said intersection on the left-hand side and in front of claimant's motor vehicle, wholly regardless of the right of way of the claimant and disregard of the provisions of the statutes of the State of Illinois, thus causing the claimant's motor vehicle to collide with the right side of the respondent's truck; that by reason of the collision, claimant's motor vehicle was broken and damaged, and the claimant was obliged to pay and expend the sum of $57.25 in order to make the necessary repairs to his automobile. An itemized statement of the account is attached to the petition.

The Attorney General made a motion to dismiss this claim and as grounds for the motion says that it is sought to recover for damages to the automobile of claimant occasioned by a collision thereof with a truck of the respondent, it being alleged the collision resulted from the negligence, carelessness and recklessness of the driver of the truck, who was an employee of the respondent and that the respondent is not liable for such damage so caused.

This court has held many times that a State is never liable for the negligence of its agents and employees, unless there is a statute making it so liable. In this State there is no such statute, and we must hold that this court has no jurisdiction to make an award. *Derby* vs. *State*, 7 C. C. R. 145; *Chumbler, Admrx.* vs. *State*, 6 C. C. R. 138.

The motion of the Attorney General will, therefore, be sustained and an award denied.